**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| BDO USA, P.C., *Plaintiff*, vs. ANKURA CONSULTING GROUP, LLC and PHUOC VIN PHAN, *Defendants*. | Case No. 3:24-cv-00179-HEH |

**PLAINTIFF BDO USA, P.C.'S OPPOSITION TO DEFENDANT ANKURA CONSULTING GROUP, LLC'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY**

Plaintiff BDO USA, P.C. ("BDO" or "Plaintiff") files this Memorandum of Law in Opposition to the Motion for Protective Order ("Ankura's Mem.") brought by Defendant Ankura Consulting Group, LLC ("Ankura" or "Defendant") pursuant to Federal Rule of Civil Procedure 26(c). For all of the reasons stated below, Ankura's motion should be denied.

## I. PRELIMINARY STATEMENT

Ankura's motion for a protective order staying discovery—an "extraordinary," "disfavored" remedy in the Eastern District of Virginia[1]—rests solely on Ankura's position that it will prevail on its motion to dismiss. This is not enough. Even if Ankura's belief had merit (it does not, *see* ECF No. 33), it still would not constitute the "good cause" necessary to justify a stay of discovery because a litigant's professed self-confidence in the success of its dispositive motion is insufficient to grind discovery to a halt.[2] The motion should be denied.

On March 11, 2024, five months ago, BDO brought this action against Ankura, a direct competitor, and Phuoc Vin Phan ("Phan"), BDO's former National Healthcare Transaction Advisory Services ("TAS") practice group leader, because together they stole BDO's Healthcare TAS practice valued at more than $60 million. What has now become clear is that Defendants, with the direct help of Ankura's CEO Kevin Lavin ("Lavin"), conspired to and recruited at least seven members of Phan's team to leave BDO and work for Ankura in violation of common and statutory law and Phan's fiduciary duty and agreements with BDO.[3] Two other former BDO

---

[1] *Lismont v. Alexander Binzel Corp.*, No. 2:12CV592, 2014 WL 12527482, at *1 (E.D. Va. Jan. 14, 2014) (internal citations and quotation omitted) (observing that "[a]bsent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed"); *Diedrich v. City of Newport News*, No. 4:15CV2, 2016 WL 3002410, at *1 (E.D. Va. May 20, 2016) (noting that "motions to stay are disfavored in the Fourth Circuit").

[2] *See Lismont*, 2014 WL 12527482, at *1.

[3] *See* the Affidavit of Byron Nickens, ECF No. 46-1. In the Affidavit, Mr. Nickens, a former BDO employee, makes clear that Lavin was directly involved in recruiting him to join Ankura, promising that Ankura would indemnify him if Ankura became involved in litigation with BDO over the lift-out of the TAS practice. *Id.* ¶¶ 15-17.

employees stole multiple gigabytes of BDO and BDO client confidential information on their way out the door and transferred that information to Ankura.

On April 23, 2024, *over three months ago*, Ankura moved to dismiss the complaint in its entirety. Ankura was free to move for a stay of discovery then, but chose not to do so. And during a meet and confer with counsel on June 21, Ankura's counsel informed BDO's counsel that it had no intention of responding to any discovery in light of its motion to dismiss. At that time, BDO's counsel pointed out that there was no motion to stay discovery. Still, Ankura waited.[4]

Ankura's waiting game prejudices BDO. Ankura has not produced a single document or made any initial disclosures as of the date of this filing, in a case that was filed five months ago. Ankura should not be permitted to unilaterally impose its own discovery stay on BDO. This is especially so when the facts alleged suggest a civil conspiracy to take BDO's entire healthcare TAS practice between Ankura, Ankura's CEO, and Phan and involve the misappropriation of multiple gigabytes of confidential information belonging to BDO and a number of BDO's clients. Worse still, Ankura's requested relief will put discovery with Phan, its co-defendant, on a separate schedule and track. Ankura's requested relief, if granted, will be needlessly time-consuming, expensive, and confusing. Moreover, Ankura's arguments to the contrary are at odds with this District's expectation for the expeditious disposition of cases and have been routinely rejected by this Court.[5] BDO is entitled to its requested discovery without further delay, and the motion should be denied.

---

[4] *See* Email between Mark D. Meredith, counsel for BDO, and Kaitlyn Crowe, counsel for Ankura, dated July 30-31, 2024, attached to the Declaration of Julie H. McConnell, dated August 12, 2024 ("McConnell Decl."), as Exhibit 1.

[5] *Avalonbay Communities, Inc. v. San Jose Water Conservation Corp.*, No. 07-306, 2007 WL 2481291, at *4 (E.D. Va. Aug. 27, 2007) (recognizing that "a stay is not convenient to the Court because this judicial district has a policy of efficient and expeditious resolution of cases"), *aff'd*, 325 F. App'x 217 (4th Cir. 2009).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(1), courts may stay discovery "for good cause." Fed. R. Civ. P. 26(c). "Staying discovery, however, is disfavored because it may 'create case management problems which impede the [c]ourt's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *See* McConnell Decl. Exh. 2, Mem. Order at 2, *Davis v. Harney*, No. 3:16cv170-HEH, ECF No. 23 (E.D. Va. Jun. 10, 2016) (Hudson, J.) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)) (denying protective order). To determine whether "good cause" exists that overcomes this Court's presumption against staying discovery, courts consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and] (3) potential prejudice to the non-moving party." *Sehler v. Prospect Mortg., LLC*, No. 1:13CV473, 2013 WL 5184216, at *2 (E.D. Va. Sept. 16, 2013) (citing *Johnson v. DePuy Orthopaedics, Inc.,* Civil Action No. 3:12cv2274, 2012 WL 4538642, at *2 (D.S.C. 2012)) (internal quotations omitted). It is not enough to allege in conclusory fashion that these factors are satisfied. "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.,* 715 F.2d 124, 127 (4th Cir. 1983). If a party fails to "make out a clear case of hardship or inequity in being required to go forward," *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936), "a stay is not merited." *Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484, 489 (E.D. Va. 2005). Ankura falls well short of this standard.

## III. ARGUMENT

Ankura fails to demonstrate that a stay of discovery is warranted. Indeed, as shown below, each factor weighs heavily against Ankura.

**A. Granting a Stay Would Undermine the Interests of Judicial Economy**

The interests of judicial economy weigh strongly against a stay. In support of its judicial economy argument, Ankura contends that (1) the perceived strength of its motion to dismiss renders discovery pointless and (2) it should be excused from its obligation imposed by the Federal Rules and the Court's pretrial rules (*see* ECF 35-1) because the discovery BDO seeks in this "complex litigation" is "onerous" and "time consuming." Ankura's Mem. at 8-12. These arguments fail.

1. *Ankura's Confidence in the Merits Its Motion To Dismiss Does Not Excuse Its Discovery Obligations*

Ankura's proclaimed confidence that it will prevail on its motion to dismiss is both unfounded and contrary to this Court's well recognized principles of judicial economy. *See*, *e.g.*, *Mamo v. BP P.L.C.*, No. 1:05CV1323JCC, 2006 WL 897217, at *3 (E.D. Va. Apr. 5, 2006) (observing that the Eastern District's "fast-paced pretrial procedures" and "judicial economy warrant the decision to deny a stay of merits discovery"); *Scalable Insights, LLC v. Bihrle Applied Rsch., Inc.*, No. 4:23CV58, 2023 WL 8539533, at *3 (E.D. Va. Aug. 1, 2023) (denying a motion to stay discovery while a dispositive motion is pending and noting that "this district is known for its practice of moving cases expeditiously" and "any discovery suspension now is likely to delay the timely resolution of this dispute, contrary to the need for the prompt administration of justice").

A party's "perceived strength" of its own dispositive motion does not justify a stay absent the "immediate and clear possibility" *discernable from the face of the motion* that dismissal will be granted. This is a high bar not met here. *See* Mem. Order at 2-3, *Davis,* ECF No. 23 (Hudson, J.) (quoting *Simpson*, 121 F.R.D. at 263)) ("Defendant may prevail on his Motion to Dismiss. The Court, however, cannot discern from the face of the Motion and related filings the sort of immediate and clear possibility that he ultimately will. The Court's interest in expediting

discovery and managing its docket outweigh the proffered reasons for seeking a stay of discovery."); *see also Bennett v. Fastenal Co.*, No. CV 7:15-CV-00543, 2016 WL 10721816, at *1 (W.D. Va. Mar. 8, 2016) ("Although the court is not ruling on the motion to dismiss at this time, and still needs to review more thoroughly the authority cited by the parties, the court certainly cannot say that 'there appears to be an immediate and clear possibility that [dismissal] will be granted.'" (quoting *Simpson*, 121 F.R.D. at 263)); *Lismont v. Alexander Binzel Corp.*, No. 2:12CV592, 2014 WL 12527482, at *1 (E.D. Va. Jan. 14, 2014) ("'Generally, there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort.'" (emphasis in original) (quoting *Kor Media Grp.*, LLC v. Green, No. 2:13cvl217, 2013 WL 5838679, at *3 (D. Nev. Oct. 29, 2013)).

Here, BDO's opposition briefs fully—and decisively—address and defeat each argument that Ankura advances in its pending motion to dismiss.[6] While BDO will not rehash those arguments here, its opposition briefs demonstrate at the very least that there a "question" as to the viability of Ankura's motion (*Lismont*, 2014 WL 12527482, at *1), and that Ankura has not shown an "immediate and clear possibility" that it will ultimately prevail. *Simpson*, 121 F.R.D. at 263.

Furthermore, Ankura's reliance on the caselaw it cites in support of its judicial economy argument is misplaced.[7] For example, in *Fisher v. United States*, the court ***denied*** a stay ***after*** it

[6] *See generally* BDO's Opp'n to Ankura's Mot. to Dismiss, ECF No. 33 ("BDO's MTD Opp'n"); BDO's Reply to Ankura's Opp'n in Further Supp. of its Mot. for Joinder and for Leave to File an Am. Compl., ECF No. 46 ("BDO's Joinder Reply").

[7] Other cases cited by Ankura at page 7 of their memorandum of law are similarly unhelpful. For example, in *Sai v. Department of Homeland Security*, an out-of-circuit case, the court stayed discovery because the plaintiff "made a decision to file an early motion for summary judgment and thus cannot ask that the Court authorize discovery in support of that motion." 99 F. Supp. 3d 50, 58 (D.D.C. 2015). Likewise, *Doe v. Old Dominion University* has no relevance because the discovery stay in that case was *jointly* requested—a fact that Ankura omits. 289 F. Supp. 3d 744, 748 (E.D. Va. 2018). In *Rutherford v. City of Newport News*, the stay had nothing to do with the underlying decision on the merits, and is only cursorily mentioned in one sentence without any

found it lacked jurisdiction over the case. No. 3:13-MC-08, 2013 WL 6074076, at *4 (E.D. Va. Nov. 18, 2013) ("Because the Court lacks jurisdiction over this matter, it is in the interest of judicial economy for the Court to decline to stay this case."). And *Pagliara v. Fed. Home Loan Mortgage Corp.* is inapposite because, in that case, the court granted a stay because five "substantively identical" cases were also stayed pending the Judicial Panel on Multidistrict Litigation's transfer decision and "[i]t is well recognized that staying an action pending an MDL Panel decision can serve the interests of judicial economy[.]" No. 116CV337JCCJFA, 2016 WL 2343921, at *2 (E.D. Va. May 4, 2016). These cases are distinguishable from the facts presented here, where a co-defendant in a scheme to lift BDO's business looks to avoid discovery.

2. *Supposed "Time Consuming" Discovery Does Not Warrant a Stay*

Ankura's argument that "discovery in this litigation is likely to be time consuming, expensive and inevitably contentious" (Ankura's Mem. at 9) neither implicates judicial economy nor warrants a protective order staying discovery. The movant "for a stay must make out a clear case of hardship or inequity in being required to go forward[.]" *Landis*, 299 U.S. at 255. Absent such a showing, "a stay is not merited." *Lupin Ltd.*, 403 F. Supp. 2d at 489.

Ankura fails under *Landis*. Ankura excerpts certain discovery requests and complains that the requests "seek information about current Ankura clients and internal policies as well as extensive information related to BDO's insufficiently pled trade secrets claims." Ankura's Mem. at 11. This is mere posturing and insufficient as a matter of law. *See, e.g.*, *Scalable Insights, LLC*, 2023 WL 8539533, at *3 (denying a motion to stay pending resolution of a dispositive motion and

further elaboration or context. 919 F. Supp. 885, 888 (E.D. Va. 1996). The same is true of *Moseke v. Miller & Smith, Inc.*, 202 F. Supp. 2d 492, 511 (E.D. Va. 2002), *Williams v. 5300 Columbia Pike Corp.*, 891 F. Supp. 1169, 1186 (E.D. Va. 1995), and *Treadwell v. Murray*, 878 F. Supp. 49, 50 (E.D. Va. 1995).

noting that "[defendants] fail to provide the Court with sufficient information or any concrete examples supporting [its hardship] claim" related to certain discovery requests and "[a]bsent such detail, the Court is unable to assign much weight to this claim").

Ankura's other argument that "a stay of discovery pending the determination of the Motion to Dismiss is a logical way to . . . preserve and make the most efficient use of *judicial resources*" is also unavailing. Ankura's Mem. at 11 (emphasis added). Judicial resources are not depleted in discovery unless a litigant drags the court into the discovery process as Ankura has done here. *See* Pretrial Schedule A, ECF No. 35-1, ¶ III(2) ("The parties are expected to resolve discovery disputes without filing motions or involving the Court."). BDO should be permitted to pursue its case without needlessly engaging in discovery motion practice.

**B. Ankura Will Not Be Prejudiced If Discovery Proceeds**

Engaging in discovery while a dispositive motion is pending does not amount to prejudice. This Court (and others within the Fourth Circuit) have repeatedly reached this conclusion. *See, e.g.*, Order at 1, *In re Peanut Farmers Antitrust Litig.*, No. 2:19-cv-463, ECF No. 80, (E.D. Va. Dec. 19, 2019) (denying a motion to stay discovery pending the resolution of a motion to dismiss) (attached as McConnell Decl. Exh. 3); *Scalable Insights, LLC*, 2023 WL 8539533, at *3 (same); Mem. Order at 3, *Davis,* ECF No. 23 (Hudson, J.) (same); *Mamo*, 2006 WL 897217, at *3 (same); *Blackmon v. Perez*, 791 F. Supp. 1086, 1092 (E.D. Va. 1992) (same); *Simpson*, 121 F.R.D. at 263 (same); Order, *Air Sys., Inc. v. Euramco Safety Inc.*, No. 11-CV-01171, ECF No. 59 (E.D. Va. Mar. 7, 2012) (same with regards to a motion to transfer) (attached as McConnell Decl. Exh. 4).

To the extent that Ankura's prejudice argument can be construed to be exclusively premised on the alleged burden associated with BDO's discovery requests, this argument fails because Ankura neglects to sufficiently describe the alleged burden. *See infra* Section III.A.2; *see also Cappetta v. GC Servs. Ltd. P'ship*, No. 3:08CV288, 2008 WL 5377934, at *3 (E.D. Va. Dec.

24, 2008) ("In order to overcome the liberal construction afforded the federal discovery rules, a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and extent of the burden."). This is especially true where, as here, Ankura has failed to acknowledge that many of BDO's requests and interrogatories seek basic information focused on (i) personal jurisdiction; and (ii) forensic evidence of BDO's information that former BDO Healthcare TAS employees improperly retained when they left BDO and joined Ankura, before uploading the information to Ankura's system.[8]

If Ankura has objections to BDO's discovery requests, the proper means to make them is through written objections—not a motion for a protective order.[9] *See* Local Rule 26(C); *Lismont*, 2014 WL 12527482, at *1 (quotations omitted) (acknowledging that a protective order is an "extraordinary remedy" and is not the proper procedural mechanism for lodging objections to discovery "[a]bsent extraordinary circumstances"). After all, a "dispositive motion" does not "supersede[] discovery and obviate[] the need to object" to discovery pursuant to the Local Rules. *Steele v. Goodman,* No. 3:21CV573, 2023 WL 6194921, at *1 (E.D. Va. May 3, 2023). Ankura cannot demonstrate any prejudice that justifies the imposition of a protective order staying discovery.

**C. BDO Will Be Prejudiced if Discovery Is Stayed**

In contrast, BDO will be materially prejudiced if discovery is stayed, for at least two reasons.

---

[8] *See* McConnell Decl., Exh. 5 ¶¶ 10–15, 21–29; ECF No. 48-2 at 1–9, ¶¶ 4–6, 9; *id* at 10–28, ¶¶ 16, 23, 25, 29, 31–35, 50–51.

[9] On August 9, 2024, Ankura objected wholesale to each discovery request BDO served—including objecting on the basis of its pending motion to dismiss. Ankura's blanket objections lack merit and are inconsistent with its discovery obligations in this Court. Pursuant to Ankura's Consent Motion for Extension of Time, *see* ECF No. 49, that this Court granted, *see* ECF No. 50, BDO will substantively address Ankura's discovery deficiencies with counsel in short order.

First, BDO will be prejudiced by ongoing harm caused by Ankura. Specifically, Ankura, Lavin, and Phan stole BDO's Healthcare TAS practice and conspired to successfully solicit BDO's employees who, in turn, stole BDO's confidential information and trade secrets for Ankura's benefit. Compl. ¶¶ 1-8. To date, Ankura has resisted BDO's numerous requests—since January 2024—for a mutually-agreed upon forensic inspection of Ankura's system, consistent with best industry standards, to account for the *at least* 2.9 gigabytes of stolen BDO and BDO client data (containing trade secrets and competitively sensitive information) that Ankura's employees took when they left BDO and then uploaded to Ankura's system. In light of Ankura's misappropriation of BDO's trade secrets, theft of BDO's confidential information, and anticompetitive conduct, which impose ongoing injuries, a stay would substantially prejudice BDO. *See Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 528 (E.D. Va. 2018) ("A plaintiff's plausible allegations of ongoing harm can weigh against granting a stay because of the potential for prejudice in such a circumstance."), *appeal dismissed*, No. 18-1908, 2018 WL 7223994 (4th Cir. Sept. 13, 2018) (citation omitted); *Henry v. N.C. Acupuncture Licensing Bd.*, No. 1:15CV831, 2017 WL 401234, at *9 (M.D.N.C. Jan. 30, 2017) ("If this court were to impose a stay, any injury that Plaintiffs are allegedly suffering or have already suffered as a result of Defendants' allegedly anticompetitive conduct would be allowed to persist[.]").

Second, BDO will be harmed by the imposition of two separate discovery tracks. Much of the wrongdoing in this case is the product of a scheme—or civil conspiracy[10]—between Ankura, its CEO Kevin Lavin, and Phan. Therefore, regardless of the party who produces the discovery, most of the discovery sought from both Ankura, Phan and Lavin (as either a party or nonparty) is

[10] BDO has not yet brought a claim under the Virginia civil conspiracy statute, § 18.2-499 and § 18.2-500, but reserves its rights to move to amend the complaint and add the additional claim as discovery proceeds.

probative of *all* of the claims in this litigation against *all* of the parties. If granted, a protective order staying discovery would place Phan and Ankura on two separate discovery schedules, resulting in inefficiencies, case management issues, and the deprivation of the benefit of simultaneous discovery from Ankura and Phan, which would inform subsequent discovery requests (if any) and eliminate redundancy. A stay of Ankura's discovery may also unfairly compress BDO's discovery of Ankura, particularly in a court well-known for its expeditious and efficient pace, and thus interfere with BDO's ability to prepare fully for a trial against co-defendants Phan and Ankura.

## IV. CONCLUSION

For the reasons set forth above, BDO respectfully requests that this Court deny Ankura's Motion for Protective Order.

Dated: August 12, 2024

Respectfully submitted,

By: */s/ Julie H. McConnell*

Julie H. McConnell (Va. Bar No. 89245)
McDermott Will & Emery LLP
500 North Capitol Street, NW
Washington, D.C. 20001
(202) 756-8000
jmcconnell@mwe.com

Michael Sheehan (admitted pro hac vice)
McDermott Will & Emery LLP
444 W. Lake Street, Suite 4000
Chicago, IL 60654
Tele: + 1 312 372 2000
Fax: + 1 312 277 2366
msheehan@mwe.com

Mark D. Meredith (admitted pro hac vice)
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017
Tele: +1 212 547 5400
Fax: +1 646 417 7688
mmeredith@mwe.com

*Attorneys for Plaintiff BDO USA, P.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 12th day of August 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the applicable ECF Registrants.

By: */s/ Julie H. McConnell*
Julie H. McConnell (Va. Bar No. 89245)