# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| BDO USA, P.C., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00179-HEH |
| ) | |
| ANKURA CONSULTING GROUP, LLC, ) | |
| PHUOC VIN PHAN, and KEVIN LAVIN ) | |
| ) | |
|     Defendants. ) | |

## PHUOC VIN PHAN'S OPPOSITION
## TO BDO USA, P.C.'S PARTIAL MOTION TO DISMISS

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT .................................................................................................. 1

RELEVANT FACTS ..................................................................................................................... 2

    I.    PHAN RELIED ON BDO'S PROMISES TO HIS DETRIMENT. ......................... 2

    II.    THE PARTNERSHIP AGREEMENT. ................................................................... 3

LEGAL STANDARD .................................................................................................................... 3

    I.    PHAN'S COUNTERCLAIM STATES A CLAIM FOR PROMISSORY ESTOPPEL UNDER TENNESSEE LAW. .............................................................. 4

        A.    Phan Has Pled A Prima Facie Claim Of Promissory Estoppel. ................... 4

        B.    The Partnership Agreement Does Not Govern BDO's Promise To Phan About When He Would Be Converted To A VSP. ....................... 7

        C.    Phan's Reliance On BDO's Promise Was Reasonable. ............................. 10

CONCLUSION ............................................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Accessories Int'l, LLC v. Conopco, Inc.*,
No. 3:15-CV-49-TAV-HBG, 2016 WL 632449 (E.D. Tenn. Feb. 17, 2016) ..........................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................................3

*BiotronX v. Tech One Biomedical, LLC*,
465 F. Supp. 3d 797 (M.D. Tenn. 2020) ................................................................................5, 6

*Daly v. Wacker-Chemie AG*,
No. 1:13-cv-382, 2014 U.S. Dist. LEXIS 105336 (E.D. Tenn. Aug. 1, 2014) ................5, 6, 11

*Doe v. Univ. of the South*,
687 F. Supp. 2d 744 (E.D. Tenn. 2009) ...................................................................................11

*EnGenius Entm't v. Herenton*,
971 S.W.2d 12 (Tenn. Ct. App. 1997) .................................................................................5, 10

*Hicks v. Chears*,
No. M2019-01428-COA-R3-CV, 2021 Tenn. App. LEXIS 301 (Ct. App. July
29, 2021) ....................................................................................................................................8

*Monaco Indus., LLC v. Fomento Econ. Mexicano S.A.B. de C.V.*,
685 F. Supp. 3d 654 (E.D. Tenn. 2023) ..................................................................4, 5, 6, 10, 11

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
591 F.3d 250 (4th Cir. 2009) ......................................................................................................3

*Riddle v. Lowe's Home Ctrs., Inc.*,
802 F. Supp. 2d 900 (M.D. Tenn. 2011) ..................................................................................10

*Smart v. Flowav Inc., No. 1:22-CV-00024-DCLC*,
*2022 U.S. Dist. LEXIS 243066* (E.D. Tenn. July 14, 2022) ...............................................5, 6, 7

*Sparton Tech., Inc. v. Util-Link, LLC*,
248 F. App'x 684 (6th Cir. 2007) .................................................................................4, 10, 11

*Thurman v. Pfizer, Inc.*,
484 F.3d 855 (6th Cir. 2007) ......................................................................................................3

*Tobey v. Jones*,
706 F.3d 379 (4th Cir. 2013) ......................................................................................................4

*Turner v. Thomas*,
　930 F.3d 640 (4th Cir. 2019) ..................................................................................................4

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 8(a)(2)..................................................................................................................3

Fed. R. Civ. P. 12(b)(6)................................................................................................................3

Phuoc Vin Phan ("Phan") respectfully submits this Memorandum of Law in Opposition to the Partial Motion to Dismiss Phan's Promissory Estoppel Counterclaim (ECF No. 69, the "Motion"), filed by BDO USA, P.C. ("BDO" or "Plaintiff").

For the reasons stated below, BDO's Motion should be denied.

## **PRELIMINARY STATEMENT**

While recruiting Phan, BDO made promises it did not intend to keep in order to induce Phan to accept its offer and, later, to stay at BDO. Specifically, BDO promised in no uncertain terms that, within three years of his employment, Phan would be converted from a Fixed Share Partner ("FSP") to a Variable Share Partner ("VSP")—and reap the significant benefits of that conversion. As his three year anniversary approached in 2022, BDO doubled down and again promised Phan the same timeline. Phan reasonably relied on these promises both in coming to work at BDO in the first place and in remaining at BDO despite misgivings about the company's management and business practices. And yet, those three years came and went, and Phan was never converted to VSP or obtained the associated benefits, all while others in leadership reaped significant economic benefits through their manipulations of the partnership. Phan's counterclaim contains all of these plausible and factually supported allegations, and, as such, he has properly pled the required elements of a *prima facie* claim for promissory estoppel. On these grounds alone, the Motion should be denied.

Furthermore, BDO's attempt to discredit Phan's allegations by claiming that a now-terminated Partnership Agreement governs the promise at issue fails. Indeed, BDO's argument is smoke and mirrors because the Partnership Agreement does not address the *timing* of conversion at all. BDO purposefully and improperly conflates the Partnership Agreement's discussion about the mechanics of *who* gets to approve partner classifications (which is not disputed) with *when* a

particular partner is converted from FSP to VSP (the promise at the heart of the promissory estoppel claim). The Partnership Agreement says nothing about the "when" and, as such, BDO cannot use the Partnership Agreement to defeat an otherwise properly pled claim.

BDO's argument that Phan's reliance on BDO's concrete promises is somehow *per se* unreasonable also fails. At a minimum, the facts as alleged give rise to the reasonable inference that Phan's reliance on his employer's promise about the terms of his employment was reasonable and, at this stage of litigation, Phan has met his burden. In any event, reasonableness (i.e., whether Phan's reliance was reasonable) is a question to be determined by the trier of fact—not at the motion to dismiss stage.

BDO's Motion should be denied.

## RELEVANT FACTS

### I.  PHAN RELIED ON BDO'S PROMISES TO HIS DETRIMENT.

BDO promised Phan that he would be converted to a VSP within three years of starting his employment at BDO in April 2019. Countercl. ¶¶ 21, 27, ECF No. 65; *see also id.* ¶ 21 n. 3 (clarifying benefits that VSPs enjoy, which FSPs do not). At the beginning of 2022, as his third anniversary working at BDO was approaching, BDO reassured Phan again that he would be converted to a VSP by October 1, 2022, which Phan understood to be a clear and definite promise. Countercl. ¶ 28. Believing that BDO would make good on its promise, Phan turned down more lucrative job opportunities with premier advisory firms that offered equity in the business (which he expected to obtain from BDO) and decided not to pursue other job opportunities during "one of the hottest job markets in transaction advisory in recent history." Countercl. ¶¶ 33, 34, 91. BDO did not deliver on its promises, and Phan was harmed as a result. *Id.*

## II.     THE PARTNERSHIP AGREEMENT.

The Partnership Agreement upon which BDO relies to attempt to rebut Phan's promissory estoppel claim was entered into between BDO and "the Partners of BDO USA, LLP" on November 4, 2017, which included Phan as a signatory as of April 9, 2019, and was terminated on June 30, 2023.  Countercl. ¶ 47; *see also* Am. Compl. ¶ 37.  The Partnership Agreement does not specify a set (or even general) timeline for when any Partner can expect to be converted to VSP—it only identifies the mechanism to formalize the conversion once the decision is made.  Specifically, Section 2.1(b) of the Partnership Agreement states only that BDO's Board of Directors are responsible for the "[a]llocation of income to Partners, and designation of each Partner as a Fixed Share Partner or Variable Share Partner upon such Partner's admission and at any time thereafter."  *See* Amended and Restated Partnership Agreement ("Partnership Agreement"), § 2.1(b), at ECF No. 69-2.  There is no other discussion of conversion in the agreement, and therefore, the timing of a partner's conversion to a VSP is not dictated by its terms.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A claimant need not set out in detail all of the facts upon which the claim from relief is based; the claim need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff."  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).  To survive a 12(b)(6) motion, the complaint (or, as here, the counterclaim) simply "must provide 'sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey v. Jones*, 706 F.3d 379, 386 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

I. **PHAN'S COUNTERCLAIM STATES A CLAIM FOR PROMISSORY ESTOPPEL UNDER TENNESSEE LAW.**

"[P]romissory estoppel is clearly recognized [as a cause of action] in Tennessee." *Sparton Tech., Inc. v. Util-Link, LLC*, 248 F. App'x 684, 689 (6th Cir. 2007). Under Tennessee law, promissory estoppel is "a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Monaco Indus., LLC v. Fomento Econ. Mexicano S.A.B. de C.V.*, 685 F. Supp. 3d 654, 676 (E.D. Tenn. 2023) (citing *Alden v. Presley*, 637 S.W.2d 862, 864 (Tenn. 1982)).

To plead a *prima facie* claim for promissory estoppel under Tennessee law, a claimant must allege that: (i) a promise was made; (ii) that the promise was unambiguous and not unenforceably vague; and (iii) that he reasonably relied upon the promise (iv) to his or her detriment. *Monaco Indus.*, 685 F. Supp. 3d at 676 (citing *Chavez v. Broadway Elec. Serv. Corp.*, 245 S.W.3d 398, 404 (Tenn. Ct. App. 2007)). Phan has properly pled each of these elements with the requisite factual support. Accordingly, Plaintiff's Motion to Dismiss should be denied.

 A. **Phan Has Pled A *Prima Facie* Claim Of Promissory Estoppel.**

Despite BDO's claims to the contrary, Phan has sufficiently pled each element of a promissory estoppel claim and the motion to dismiss should be denied. As outlined in Phan's Counterclaim, BDO made concrete and unambiguous promises to Phan upon which he reasonably

4

relied to his detriment. *First*, BDO made a promise to Phan while recruiting him that he would be converted to VSP within three years of hiring. Countercl. ¶ 27. *Second*, BDO doubled down on this promise at the beginning of 2022, promising Phan that he would be converted to VSP by October 1, 2022, creating an even more definite and "concrete" timeline on which Phan relied. Countercl. ¶ 28. *Third*, Phan was induced to first accept and later sustain his employment at BDO as a result of relying on these promises about the terms of his employment from his employer. Countercl. ¶¶ 27, 33-34. *Finally*, Phan suffered economic harm by not pursuing other lucrative employment opportunities, in reliance on BDO's claims. Countercl. ¶¶ 33, 34. Phan has sufficiently pled the elements of a promissory estoppel claim under Tennessee law and the court must construe these allegations in Phan's favor and deny the Motion. *See Monaco Indus.*, 685 F. Supp. 3d at 677 (declining to dismiss plaintiff's promissory estoppel at the motion to dismiss stage); *Daly v. Wacker-Chemie AG*, No. 1:13-cv-382, 2014 U.S. Dist. LEXIS 105336, at *44-49 (E.D. Tenn. Aug. 1, 2014) (same); *Smart v. Flowav Inc.*, No. 1:22-CV-00024-DCLC, 2022 U.S. Dist. LEXIS 243066, at *7 (E.D. Tenn. July 14, 2022) (allowing case to proceed where pleading demonstrated that promise was "unambiguous" and plaintiff alleged the harm was "substantial"); *EnGenius Entm't v. Herenton*, 971 S.W.2d 12, 19-21 (Tenn. Ct. App. 1997) (reversing trial court's dismissal of plaintiff's promissory estoppel claim where pleading identified promise which plaintiff reasonably relied on); *BiotronX v. Tech One Biomedical, LLC*, 465 F. Supp. 3d 797, 807 (M.D. Tenn. 2020) (finding plaintiff properly pled elements of promissory estoppel).

Furthermore, BDO is incorrect in its assertion that a promissory estoppel claim cannot survive without allegations of "exceptional" or fraudulent conduct. Mot., at 9. By doing so, BDO "overstates what is needed to state a claim for promissory estoppel." *Smart*, 2022 U.S. Dist. LEXIS 243066, at *6 (holding plaintiff did not need to also allege that defendant had an "improper

5

motive" for promissory estoppel claim). While elements of fraud "may enter the Court's calculus in deciding whether the doctrine of promissory estoppel applies, these factors are not essential elements that must be pled to state a claim of promissory estoppel" under Tennessee law. *Id.* at *7; *see also, e.g.*, *Monaco Indus.*, 685 F. Supp. 3d at 676-77 (denying motion to dismiss where plaintiff adequately pled "(1) that a promise was made; (2) that the promise was unambiguous and not unenforceably vague; and (3) that they reasonably relied upon the promise to their detriment" and not requiring any showing of exceptional circumstances); *Daly*, 2014 U.S. Dist. LEXIS 105336, at *47-49 (declining to dismiss claim where defendant's clear and "concrete" promise overcame any claims that exceptional circumstances were necessary to prevail on a promissory estoppel claim).[1]

---

[1] While "exceptional circumstances" are **not** required to survive a motion to dismiss, Phan has pled sufficient facts to give rise to an inference that exceptional and/or fraudulent circumstances exist here. *See BiotronX*, 465 F. Supp. 3d at 807-808 (rejecting defendant's claim that promissory estoppel should be limited to conduct "verged on actual fraud" and holding that elements as pled "could be construed as conduct verging on actual fraud") (internal quotes omitted). *First*, no legitimate explanation was provided as to why Phan was not converted on the promised timeline. Instead, he was assured the decision was "in his best interest" despite objective evidence to the contrary, and BDO obfuscated and made misleading statements when asked if the impending corporate transaction impacted the decision. Countercl. ¶¶ 31-32. *Second*, Phan's Counterclaim also makes clear that there was a culture of deceit and misrepresentation at BDO and that it infiltrated the decisions related to conversion to VSP. The Counterclaim states that "BDO had misrepresented to their partnership the purpose of the ESOP transaction and corporate conversion" and actively misrepresented private equity's role in the transaction so that management could "covertly hatched a scheme to enrich themselves at the expense of their partners and employees by mortgaging the future of the firm for their sole personal benefit" and that part of that scheme was purposeful delay in the conversion "number of FSPs (including Phan) who were in line to convert to VSP to avoid diluting the distribution pool available to the existing VSPs." *Id.* ¶¶ 31-32, 44-56. That calculated decision not to convert Phan to a VSP had a significant economic impact. *Id.* ¶ 53. *Third and finally*, retaliatory litigation was filed against Phan when he left BDO after its promises proved to be empty. *Id.* ¶¶ 6, 12.

### B. The Partnership Agreement Does Not Govern BDO's Promise To Phan About When He Would Be Converted To A VSP.

BDO claims that a "valid and enforceable contract exists between [Phan] and BDO that governs the parameters for designating a BDO partner as an FSP or a VSP," and that therefore Phan has failed to state a claim for promissory estoppel. Mot., at p. 6. But this is simply not true. Specifically, BDO points to the Partnership Agreement. However, the Partnership Agreement is silent on the promise at issue in this action. Here, Phan was promised by BDO that he would be converted to a VSP within three years of starting his employment at BDO, but that never happened. *See* Countercl. ¶ 21. As pled, the promise upon which Phan's promissory estoppel claim relies is specifically focused on the issue of *when* he would become a VSP, not *who* was to make that decision. Importantly, the timing of the decision is not addressed at all in the Partnership Agreement.

Section 2.1 of the Partnership Agreement states that BDO's Board of Directors shall be responsible for the "designation of each Partner as a Fixed Share Partner or Variable Share Partner," but nowhere in the document is there any representation as to *when* any such partner can expect to become an FSP or VSP, the factors considered in making such a decision, or what this process looks like for each partner. Partnership Agreement, § 2.1(b). In fact, Section 2.1 provides that a partner can become an FSP or VSP "at any time" after such Partner's admission. *Id.* Far from supporting BDO's argument, this provision clearly permits BDO to make individual decisions on when any particular Partner would become a VSP. It does not, in any way, subsume or undo the promises made by BDO to Phan regarding the timing of his conversion. BDO's argument suggests that the mere fact the Partnership Agreement identifies a decisionmaker means that there can be no claim as to interim promises made by that decisionmaker (or, put another way, that the decisionmaker can make any representations that it wants because there can be no such

7

claims). That is nonsensical and not supported by the law and BDO should not be permitted to preclude Phan's claim at this early stage of litigation.

As discussed, the Partnership Agreement is silent as to the promise at issue in this case. Yet, BDO seeks to rely upon several cases where the terms of the promise at issue are clearly and expressly governed by the subject contract. Mot., at p. 8 (citing *LeBlanc v. Bank of Am., N.A.*, No. 2:13-cv-02001-JPM-tmp, 2013 WL 3146829, at *41-42 (W.D. Tenn. June 18, 2013) (seeking to change the terms of the Deed of Trust through a permanent loan modification)). For example, in *Hicks v. Chears*, a case cited by BDO, the lessee plaintiff wanted to purchase a specific home outright but did not have enough money to do so. *See Hicks v. Chears*, No. M2019-01428-COA-R3-CV, 2021 Tenn. App. LEXIS 301, at *2 (Ct. App. July 29, 2021). As an alternative, the *Hicks* parties entered into "Lease with Purchase Option" which contemplated that the lessee would lease the property and have the option, but not a guarantee, of purchase in the future. *Id.* In reliance on this promise, the lessee paid monthly payments for the home and invested money into fixing the home, but the lessor changed its mind about selling the property. *Id.* at *3-4. The lessee brought a promissory estoppel claim alleging that lessor had reneged on its promise to his detriment, but the court found that the terms of the lease (which expressly controlled the timing and option of a sale) governed the timing and option of the sale. *Id.* at *21-22. By contrast, the Partnership Agreement here does not address the timing of Phan's (or any other particular Partner's) conversion and cannot be read to expressly control because it is silent on the actual promise at issue. *See, generally,* Partnership Agreement.

Further, BDO's claim that "any prior negotiations or agreements between [Phan] and BDO were superseded by the Partnership Agreement" prevents a claim for promissory estoppel also fails as a matter of law. *See* Mot., at pp. 7-8. BDO argues that any promises made to Phan prior to the

8

signing of the Partnership Agreement are not actionable (regardless of their content, BDO's intent or Phan's reasonable reliance) simply because the Partnership Agreement contains boilerplate language related to a merger clause (§ 16.1) and requiring amendments to be in writing (§ 16.3). *See* Partnership Agreement, §§ 16.1, 16.3. But, again, this argument misses the point and these provisions BDO points to are not relevant to the question before the Court.

First, there is no language in the Partnership Agreement that addresses the actual promise at issue in Phan's Counterclaim: **when Phan could expect to become a VSP**. As such, Section 16.1, which states that the Partnership Agreement "embodies the entire understanding and agreement of the **Partners in relation to the subject matter hereof** and supersedes any and all prior negotiations, understanding and agreements of the parties hereto," cannot limit agreements or understandings outside of the scope of the terms of the agreement. *See id.* § 16.1 (emphasis added). That is because the Partnership Agreement does not address the question at issue: the timeline for a partner's conversion to VSP. It certainly does not specify when *Phan* could expect to become a VSP (which was in BDO's control), or address BDO's promises with respect to the timing of his conversion (which is the specific promise at issue in Phan's Counterclaim). BDO's other arguments are even worse. Its argument that Phan's promissory estoppel claim is an attempt to "change the terms of his valid contract with BDO" is disingenuous and misleading. *See* Mot., at p. 8. Nothing about Phan's claim attempts to change the terms of the Partnership Agreement. Its argument that because the Partnership Agreement states that it can only be amended by in writing similarly fails because Phan's claim is not premised on an alleged oral amendment to the agreement, but rather on a promise independent of the agreement addressing a term (timing) not addressed in the Partnership Agreement. *See* Partnership Agreement, § 16.3.

9

Finally, BDO's argument is moot because under Tennessee law a "the finding of an express contract between the parties" is not dispositive with respect to the viability of a promissory estoppel claim (especially at the motion to dismiss stage). *Sparton Tech., Inc. v. Util-Link, LLC*, 248 F. App'x 684, 689 (6th Cir. 2007)*; see also EnGenius Entertainment, Inc. v. Herenton*, 971 S.W.2d 12, 19 (Tenn. Ct. App. 1997); *Monaco Indus.,* 685 F. Supp. 3d at 676. Even if this Court finds that the Partnership Agreement *does* govern the process for how partners are to be elevated to FSPs or VSPs—which it doesn't—this would still not bar Phan's claim under the doctrine of promissory estoppel. Where there is an enforceable contract, Tennessee law is clear that a claim of promissory estoppel can still be used to "expand the terms" of an existing contract. *Sparton Tech.*, 248 F. App'x at 690 (citing *Bill Brown Constr. Co. v. Glens Falls Ins. Co.*, 818 S.W.2d 1, 9-11 (Tenn. 1991)). Even under BDO's theory of the terms of the Partnership Agreement, BDO's promise to Phan about *when* he could expect to be converted to a VSP would still constitute an "expansion" of Section 2.1(b) of the Partnership Agreement and support a claim for promissory estoppel.

C. **Phan's Reliance On BDO's Promise Was Reasonable.**

BDO claims that "given the express terms of Phan's Partnership Agreement," it was "unreasonable" for Phan to rely on BDO's promise. Mot., at p. 8. Not only does this argument fail because it depends on a mischaracterization of the terms of the Partnership Agreement, it also fails to acknowledge that whether a claimant's reliance on a representation is reasonable is "a question of fact" and inappropriate for disposition at the motion to dismiss stage. *Riddle v. Lowe's Home Ctrs., Inc.*, 802 F. Supp. 2d 900, 908 (M.D. Tenn. 2011). As a threshold matter, Tennessee courts have found that an employee can reasonably rely on an employer's promise to his or her detriment under the doctrine of promissory estoppel. *See Daly v. Wacker-Chemie AG*, No. 1:13-

10

cv-382, 2014 U.S. Dist. LEXIS 105336, at *44-49 (E.D. Tenn. Aug. 1, 2014) (denying defendant's motion to dismiss plaintiff's promissory estoppel claims). Furthermore, where the plaintiff had pled sufficient facts that a particular, "concrete" promise was made and relied upon, such reliance may be reasonable and should be permitted to proceed past the motion to dismiss stage. *Id.* at *47. Just like in *Daly*, Phan has pled that (i) he was told definitively upon being hired by BDO that he would be converted to VSP within three years of starting his employment with BDO, (ii) that converting to a VSP was a "mere formality", and that (iii) he would be converted to a VSP by October 1, 2022. Countercl. ¶¶ 21, 27-28.[2] Because BDO's promise to convert him to VSP by a set date was "concrete," it was reasonable for Phan to rely on this promise. *See Daly*, 2014 U.S. Dist. LEXIS 105336, at *47.

BDO claims that under the terms of the Partnership Agreement, the promise made to Phan regarding the timing of his promotion should have been "memorialized in writing". Mot., at p. 8. But there is no basis in law or fact to support that assertion. As discussed above, Sections 16.1 and 16.3 of the Partnership Agreement do not address the substance of the promise at issue, and the law is clear that Phan's reliance can still be objectively reasonable even where the promises were not memorialized in writing. *See Monaco Indus.,* 685 F. Supp. 3d at 675-677 (denying defendant's motion to dismiss on plaintiff's promissory estoppel claim based on a finding that complaint alleged sufficient facts to infer plaintiff reasonably relied on defendant's oral promises).

---

[2] By contrast, the cases cited by BDO are not instructive or applicable to the facts of this case. *See, e.g., Sparton*, 248 F. App'x 684 (assessing a promissory estoppel claim at the ***post-trial phase***); *Am. Accessories Int'l, LLC v. Conopco, Inc.*, No. 3:15-CV-49-TAV-HBG, 2016 WL 632449, at *5 (E.D. Tenn. Feb. 17, 2016) (dismissing promissory estoppel claim because of an aberration in course of dealing among the parties not present here); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 763 (E.D. Tenn. 2009) (holding plaintiffs did not have standing to bring contractual claims).

11

Here, as alleged in the Counterclaim, Phan had no reason to believe BDO's promise could not be relied on, and therefore his reliance on that promise was reasonable.

Phan has sufficiently pled that he reasonably relied on BDO's promise to convert him to VSP to his detriment. Countercl. ¶ 91. At a minimum, the facts alleged give rise to the reasonable inference that Phan's reliance on BDO's promise about the conversion was reasonable. In any event, reasonableness (i.e., whether Phan's reliance was reasonable) is a question to be determined by the trier of fact—not at the motion to dismiss stage.

## CONCLUSION

For the reasons set forth above, Phan respectfully requests that this Court deny Plaintiff's Motion to Dismiss and allow Phan to proceed with his promissory estoppel claim.

Dated: October 30, 2024

Respectfully submitted,

PHUOC VIN PHAN

By Counsel

 /s/  *Elizabeth Scott Turner*
James C. Cosby, Esq. (VSB No. 25992)
J. Brandon Sieg, Esq. (VSB No. 84446)
Elizabeth Scott Turner, Esq. (VSB No. 88056)
O'HAGAN MEYER
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7100
Facsimile:  (804) 237-0250
Email:  jcosby@ohaganmeyer.com
Email:  bsieg@ohaganmeyer.com
Email:  eturner@ohaganmeyer.com

Jonathan S. Sack, Esq. (admitted *pro hac vice*)
Queenie Paniagua, Esq. (admitted *pro hac vice*)
Sasha Pemberton, Esq.
SACK & SACK, LLP
70 East 55th Street, 10th Floor
New York, New York 10022
Telephone:   (212) 702-9000
Facsimile:   (212) 702-9702
Email:  jsack@sackandsack.com
Email:  qpaniagua@sackandsack.com
Email:  spemberton@sackandsack.com

*Counsel for Phuoc Vin Phan*

13