**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| BDO USA, P.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:24-cv-00179-HEH |
| | ) | |
| ANKURA CONSULTING GROUP, LLC, | ) | |
| PHUOC VIN PHAN and KEVIN LAVIN, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT KEVIN LAVIN'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO FIRST AMENDED COMPLAINT**

Defendant Kevin Lavin ("Lavin") hereby answers the First Amended Complaint ("Complaint") filed by Plaintiff, BDO USA, P.C. ("Plaintiff" or "BDO"), and in response thereto, states as follows:

**NATURE OF THE ACTION**[1]

1.      Lavin admits that Phan is a former BDO employee and formerly served as the Healthcare Transaction Advisory Services National Practice Leader for BDO.  Lavin denies the remaining allegations contained in Paragraph 1 and demands strict proof thereof.

2.      Lavin admits that Phan is a former BDO employee, formerly served as the Healthcare Transaction Advisory Services National Practice Leader, and that he was responsible for managing and overseeing a team of employees when he was an employee of BDO.  Lavin denies the remaining allegations contained in Paragraph 2 and demands strict proof thereof.

---

[1] Headings are carried over from the Complaint as written therein and are included herein for reference only.  Last names are carried over directly from the Complaint.

3.      Lavin admits that Ankura is a direct competitor of BDO.  The remaining allegations contained in Paragraph 3 do not pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required to the remaining allegations contained in Paragraph 3, Lavin lacks knowledge and information sufficient to admit or deny such allegations, and therefore, denies the same and demands strict proof thereof.

4.      Lavin denies the allegations contained in Paragraph 4 and demands strict proof thereof.

5.      Lavin denies the allegations contained in Paragraph 5 and demands strict proof thereof.

6.      Paragraph 6 states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 6.

7.      Lavin denies the allegations contained in Paragraph 7 and demands strict proof thereof.

8.      Lavin denies the allegations contained in Paragraph 8 and demands strict proof thereof.

9.      Lavin admits that he and Phan are employed by Ankura.  Lavin denies the remaining allegations contained in Paragraph 9.

**THE PARTIES**

10.     The allegations contained in Paragraph 10 do not relate or pertain to Lavin, as they are directed at another party, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 10, and therefore, denies the same and demands strict proof thereof.

11.     Lavin admits the allegations contained in Paragraph 11.

12.     Lavin admits the allegations contained in Paragraph 12.

13.     Lavin admits that Phan is an employee of Ankura's Nashville, Tennessee office. The remaining allegations contained in Paragraph 13 do not relate or pertain to Lavin, as they are directed at another party, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 13, and therefore, denies the same and demands strict proof thereof.

## JURISDICTION AND VENUE

14.     Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin states that 28 U.S.C. § 1331, 18 U.S.C. § 1836 and 28 U.S.C. § 1367 speak for themselves and denies any allegation inconsistent therewith.

15.     Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 15, and therefore, denies the same and demands strict proof thereof.

16.     Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin states that the Partner/Principal Employment Agreement, effective July 1, 2023, and the First Amendment to Employment Agreement, executed on August 22, 2023, speak for themselves.  Lavin denies the remaining allegations contained in Paragraph 16, and demands strict proof thereof.

17.     Paragraph 17 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 17 and demands strict proof thereof.

18.    Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin states that the Partner/Principal Employment Agreement, effective July 1, 2023, and the First Amendment to Employment Agreement, executed on August 22, 2023 speak for themselves.  Lavin lacks knowledge and information sufficient to admit or deny the remaining allegations contained in Paragraph 18, and therefore, denies the same and demands strict proof thereof.

19.    Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin states that the Partner/Principal Employment Agreement, effective July 1, 2023, and the First Amendment to Employment Agreement, executed on August 22, 2023, and 28 § U.S.C. 1391, speak for themselves.  Lavin denies the remaining allegations contained in Paragraph 19 and demands strict proof thereof.

**FACTS**

**A.    BDO's Business, Confidential Information, and Trade Secrets**

20.    The allegations contained in Paragraph 20 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 20, and therefore, denies the same and demands strict proof thereof.

21.    The allegations contained in Paragraph 21 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 21, and therefore, denies the same and demands strict proof thereof.

22.    The allegations contained in Paragraph 22 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks

knowledge and information sufficient to admit or deny the allegations contained in Paragraph 22, and therefore, denies the same and demands strict proof thereof.

23.    The allegations contained in Paragraph 23 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 23, including subparts (a) through (d) thereof, and therefore, denies the same and demands strict proof thereof.

24.    The allegations contained in Paragraph 24 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 24 and demands strict proof thereof.

**B.    Phan's Tenure at BDO**

25.    The allegations contained in Paragraph 25 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 25 and demands strict proof thereof.

26.    Lavin admits that Phan was the National Practice Leader of BDO's Healthcare TAS practice.  The remaining allegations contained in Paragraph 26 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 26, and therefore, denies the same and demands strict proof thereof.

27.    The allegations contained in Paragraph 26 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 26, and therefore, denies the same and demands strict proof thereof.

28.     The allegations contained in Paragraph 28 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin states that the Amended and Restated Partnership Agreement with BDO USA, LLP effective as of April 9, 2019 (the "Partnership Agreement") speaks for itself.  Lavin lacks knowledge and information sufficient to admit or deny the remaining allegations contained in Paragraph 28, and therefore, denies the same and demands strict proof thereof.

29.     The allegations contained in Paragraph 28 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin states that the Partnership Agreement speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 29.

30.     The allegations contained in Paragraph 30 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin states that the Partnership Agreement speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 30.

31.     The allegations contained in Paragraph 31 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin states that the Partnership Agreement speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 31.

32.     The allegations contained in Paragraph 32 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin states that the BDO Partnership Agreement speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 32.

33.     Lavin lacks knowledge and information sufficient to admit or deny the remaining allegations contained in Paragraph 33, and therefore, denies the same and demands strict proof thereof.

34.     The allegations contained in Paragraph 34 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 34, and therefore, denies the same and demands strict proof thereof.

35.     The allegations contained in Paragraph 35 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 35, and therefore, denies the same and demands strict proof thereof.

36.     The allegations contained in Paragraph 36 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 36, and therefore, denies the same and demands strict proof thereof.

37.     The allegations contained in Paragraph 37 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin states that the BDO Partnership/Principal Agreement with BDO USA, P.C. effective as of July 1, 2023 (the "Employment Agreement") speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 37.

38.     The allegations contained in Paragraph 38 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin states

that the Employment Agreement speaks for itself. Lavin denies the remaining allegations, if any, contained in Paragraph 38.

39.     The allegations contained in Paragraph 39 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin states that the Employment Agreement speaks for itself. Lavin denies the remaining allegations, if any, contained in Paragraph 39.

40.     The allegations contained in Paragraph 40 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin states that the Employment Agreement speaks for itself. Lavin denies the remaining allegations, if any, contained in Paragraph 40.

41.     The allegations contained in Paragraph 41 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin states that the Employment Agreement speaks for itself. Lavin denies the remaining allegations, if any, contained in Paragraph 41.

42.     The allegations contained in Paragraph 42 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin states that the Employment Agreement speaks for itself. Lavin denies the remaining allegations, if any, contained in Paragraph 42.

43.     The allegations contained in Paragraph 43 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin states that the Employment Agreement and the First Amendment speak for themselves. Lavin denies the remaining allegations, if any, contained in Paragraph 43.

44.     The allegations contained in Paragraph 44 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 44, and therefore, denies the same and demands strict proof thereof.

45.     Lavin admits that it is a direct competitor of BDO.  The allegations contained in Paragraph 45 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 45, and therefore, denies the same and demands strict proof thereof.

**C.      Ankura and Lavin Orchestrate a Scheme To Steal the BDO Healthcare TAS Practice**

46.     Lavin admits that on or about August 17, 2023, Phan spoke with him regarding a potential employment opportunity for Phan at Ankura.  Lavin denies the remaining allegations contained in Paragraph 46.

47.     The allegations in Paragraph 47 state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the remaining allegations contained in Paragraph 47.

48.     The allegations contained in Paragraph 48 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 44, and therefore, denies the same and demands strict proof thereof.

49.     The allegations contained in Paragraph 49 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks

knowledge and information sufficient to admit or deny the allegations contained in Paragraph 49, and therefore, denies the same.

50.     The allegations contained in Paragraph 50 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Paragraph 50 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 50, and therefore, denies the same and demands strict proof thereof.

51.     The allegations contained in Paragraph 51 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Paragraph 51 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 51, and therefore, denies the same and demands strict proof thereof.

52.     The allegations contained in Paragraph 52 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 52, and therefore, denies the same and demands strict proof thereof.

53.     The allegations contained in Paragraph 53 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 53, and therefore, denies the same and demands strict proof thereof.

54.     The allegations contained in Paragraph 54 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 54, and therefore, denies the same and demands strict proof thereof.

55.     The allegations contained in Paragraph 55 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 55, and therefore, denies the same and demands strict proof thereof.

56.     The allegations contained in Paragraph 56 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 56, and therefore, denies the same and demands strict proof thereof.

57.     The allegations contained in Paragraph 57 do not relate or pertain to Lavin, as they relate to actions of others, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 57, and therefore, denies the same and demands strict proof thereof.

58.     Lavin admits the allegation in Paragraph 58 that on January 25, 2024, counsel for Ankura reached out to counsel for BDO by e-mail.  Lavin states that content of the January 25, 2024 e-mail speak for itself.

59.      The allegations contained in Paragraph 59 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks

knowledge and information sufficient to admit or deny the allegations contained in Paragraph 59, and therefore, denies the same.

60.     Lavin admits that Beauplan, Bradey, Gentry, Gupta, Mixon, O'Brien, and Thomas are employed by Ankura in Ankura's healthcare transaction advisory services practice, and that Phan currently leads that practice.  Lavin denies the remaining allegations contained in Paragraph 60 and demands strict proof thereof.

61.     The allegations in Paragraph 61 state a legal conclusion to which no response is required.  To the extent a response is required, Lavin denies the allegations contained in Paragraph 61 and demands strict proof thereof.

62.     Lavin denies the allegations contained in Paragraph 62 and demands strict proof thereof.

63.     Lavin admits that Alistair Anthony is employed by Ankura.  Lavin denies the remaining allegations contained in Paragraph 63 and demands strict proof thereof.

64.     Lavin admits that Alistair Anthony is employed by Ankura.  Lavin denies the remaining allegations contained in Paragraph 64 and demands strict proof thereof.

65.     Paragraph 65 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 65 and demands strict proof thereof.

66.     Lavin denies the allegations contained in Paragraph 66 and demands strict proof thereof.

67.     Lavin denies the allegations contained in Paragraph 67 and demands strict proof thereof.

**D.** **Lavin Leads Ankura's Theft of BDO's Healthcare TAS Practice and Writes Off Anticipated Legal Consequences as Mere Acquisition Costs**

68.     Paragraph 68 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies such allegations in Paragraph 68 and demands strict proof thereof.

69.     Paragraph 69 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies such allegations in Paragraph 69 and demands strict proof thereof.

70.     Paragraph 70 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies such allegations in Paragraph 70 and demands strict proof thereof.

71.     Paragraph 71 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 71 and demands strict proof thereof.

72.     Paragraph 72 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations in Paragraph 72 and demands strict proof thereof.

73.     Lavin denies the allegations contained in Paragraph 73 and demands strict proof thereof.

74.     Paragraph 74 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations in Paragraph 74 and demands strict proof thereof.

75.     Lavin denies the allegations contained in Paragraph 75 and demands strict proof thereof.

76.     Lavin denies the allegations contained in Paragraph 76 and demands strict proof thereof.

77.     Paragraph 77 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 77 and demands strict proof thereof.

78.     Paragraph 78 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 78 and demands strict proof thereof.

79.     Paragraph 79 states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 79 and demands strict proof thereof.

80.     Paragraph 80 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 80 and demands strict proof thereof.

81.     Paragraph 81 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 81 and demands strict proof thereof.

**E.    Phan, O'Brien, Bradey, and Thomas Committed Egregious Misconduct, Stealing Voluminous Quantities of BDO's Confidential Information, When They Left BDO for Ankura—All for Ankura's Financial Gain**

82.     The allegations contained in Paragraph 82 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 82, and therefore, denies the same and demands strict proof thereof.

83.     The allegations contained in Paragraph 83 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 83, and therefore, denies the same and demands strict proof thereof.

84.     The allegations contained in Paragraph 84 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 84, and therefore, denies the same and demands strict proof thereof.

85.     The allegations contained in Paragraph 85 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 85, and therefore, denies the same and demands strict proof thereof.

86.     The allegations contained in Paragraph 86 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 86, and therefore, denies the same and demands strict proof thereof.

87.     The allegations contained in Paragraph 87 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 87, and therefore, denies the same and demands strict proof thereof.

88.     The allegations contained in Paragraph 88 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks

knowledge and information sufficient to admit or deny the allegations contained in Paragraph 88, and therefore, denies the same and demands strict proof thereof.

89.    The allegations contained in Paragraph 89 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 89, and therefore, denies the same and demands strict proof thereof.

90.    The allegations contained in Paragraph 90 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 90, and therefore, denies the same and demands strict proof thereof.

91.    The allegations contained in Paragraph 91 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 91, and therefore, denies the same and demands strict proof thereof.

92.    The allegations contained in Paragraph 92 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 92, and therefore, denies the same and demands strict proof thereof.

93.    The allegations contained in Paragraph 93 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 93, and therefore, denies the same and demands strict proof thereof.

94.     The allegations contained in Paragraph 94 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 94, and therefore, denies the same and demands strict proof thereof.

95.     The allegations contained in Paragraph 95 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 95, and therefore, denies the same and demands strict proof thereof.

96.     The allegations contained in Paragraph 96 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 96, and therefore, denies the same and demands strict proof thereof.

97.     The allegations contained in Paragraph 97 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 97, and therefore, denies the same and demands strict proof thereof.

98.     The allegations contained in Paragraph 98 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Paragraph 98 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 98, and therefore, denies the same and demands strict proof thereof.

99.    Lavin denies the allegations contained in Paragraph 99 and demands strict proof thereof.

100.    Lavin denies the allegations contained in Paragraph 100 and demands strict proof thereof.

101.    The allegations contained in Paragraph 101 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 101, and therefore, denies the same and demands strict proof thereof.

102.    The allegations contained in Paragraph 102 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 102, and therefore, denies the same and demands strict proof thereof.

103.    Lavin admits that Ankura's counsel attended a recorded Zoom call on February 8, 2024, with O'Brien and BDO's outside counsel.  Lavin further states that the recorded Zoom call speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 103.

104.    Lavin admits that Ankura's counsel attended a recorded Zoom call on February 8, 2024, with O'Brien and BDRO's outside counsel.  Lavin further states that the recorded Zoom call speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 104.

105.    Lavin states that the recorded Zoom call speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 105.

106.    Lavin states that the recorded Zoom call speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 106.

107.    The allegations contained in Paragraph 107 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 107, and therefore, denies the same and demands strict proof thereof.

108.    Lavin admits that Brady downloaded certain data retained from the time of his employment with BDO.  The remaining allegations contained in Paragraph 108 do not pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required to the remaining allegations contained in Paragraph 108, Lavin lacks knowledge and information sufficient to admit or deny such allegations, and therefore, denies the same and demands strict proof thereof.

109.    The allegations contained in Paragraph 109 do not pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required to the allegations contained in Paragraph 109, Lavin lacks knowledge and information sufficient to admit or deny such allegations, and therefore, denies the same and demands strict proof thereof.

110.    Lavin admits that Ankura's counsel attended a recorded Zoom call on February 16, 2024, with Bradey and BDO's outside counsel.  Lavin further states that the recorded Zoom call speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 110.

111.    Lavin admits that Ankura's counsel attended a recorded Zoom call on February 16, 2024, with Bradey and BDO's outside counsel.  Lavin further states that the recorded Zoom call speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 111.

112.    Lavin denies the allegations contained in Paragraph 112 and demands strict proof thereof.

113.    Lavin denies the allegations contained in Paragraph 113 and demands strict proof thereof.

114.    The allegations contained in Paragraph 114 do not pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required to the allegations contained in Paragraph 114, Lavin lacks knowledge and information sufficient to admit or deny such allegations, and therefore, denies the same and demands strict proof thereof.

115.    Lavin lacks knowledge and information sufficient to admit or deny such allegations, and therefore, denies the same and demands strict proof thereof.

116.    Lavin admits that it has taken possession of Bradey's Ankura-issued laptop and disabled access to his original Microsoft 365 OneDrive account and secured his Ankura-issued laptop in Washington D.C.  Lavin denies the remaining allegations contained in Paragraph 116.

117.    The allegations contained in Paragraph 117 do not pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required to the allegations contained in Paragraph 117, Lavin lacks knowledge and information sufficient to admit or deny such allegations, and therefore, denies the same and demands strict proof thereof.

118.    Lavin admits that Thomas downloaded certain data retained from the time of his employment with BDO to his Ankura-issued laptop.  The remaining allegations contained in Paragraph 118 do not pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required to the remaining allegations contained in Paragraph 118, Lavin lacks knowledge and information sufficient to admit or deny such allegations, and therefore, denies the same and demands strict proof thereof.

119.    The allegations contained in Paragraph 119 do not pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required to the allegations

contained in Paragraph 119, Lavin lacks knowledge and information sufficient to admit or deny such allegations, and therefore, denies the same and demands strict proof thereof.

120.    Lavin admits that Ankura's counsel attended a recorded Zoom call on February 16, 2024, with Thomas and BDO's outside counsel.  Lavin further states that the recorded Zoom call speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 111.

121.    Lavin admits that Ankura counsel attended a recorded Zoom call on February 16, 2024, with Thomas, Thomas' personal attorney, and BDO's outside counsel and that Thomas shared his screen.  Lavin further states that the recorded Zoom call speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 121.

122.    Lavin admits that Ankura's counsel attended a recorded Zoom call on February 16, 2024, with Thomas and BDO's outside counsel and that Thomas shared his screen.  Lavin further states that the recorded Zoom call speaks for itself.  Lavin denies the remaining allegations, if any, contained in Paragraph 122.

123.    The allegations contained in Paragraph 123 do not pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required to the allegations contained in Paragraph 123, Lavin lacks knowledge and information sufficient to admit or deny such allegations, and therefore, denies the same and demands strict proof thereof.

124.    Lavin admits that it has taken possession of Thomas's Ankura-issued laptop and disabled access to his original Microsoft 365 OneDrive account and secured his Ankura-issued laptop in Washington D.C.  Lavin denies the remaining allegations contained in Paragraph 124.

125.    Lavin denies the allegations contained in Paragraph 125 and demands strict proof thereof.

126.    Lavin admits that Phan, O'Brien, Bradey, and Thomas remain employed with Ankura.  Further, Lavin states that the remaining allegations in Paragraph 126 call for a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the remaining allegations contained in Paragraph 126 and demands strict proof thereof.

## COUNT I
### (Misappropriation of Trade Secrets – Defend Trade Secrets Act Against Ankura)

127.    Lavin incorporates each of the foregoing paragraphs as if fully restated herein.

128.    The allegations contained in Paragraph 128 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Paragraph 128 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 128, and therefore, denies the same and demands strict proof thereof.

129.    The allegations contained in Paragraph 129 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Paragraph 129 states a legal conclusion to which no response is required. To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 129, and therefore, denies the same and demands strict proof thereof.

130.    The allegations contained in Paragraph 130 do not relate or pertain to Lavin, and therefore, no response is required. To the extent a response is deemed to be required, Paragraph 130 states a legal conclusion to which no response is required. To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the

allegations contained in Paragraph 130, and therefore, denies the same and demands strict proof thereof.

131.    The allegations contained in Paragraph 131 do not relate or pertain to Lavin, and therefore, no response is required.  Further, Paragraph 131 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 131, and therefore, denies the same and demands strict proof thereof.

132.    Lavin denies the allegations contained in Paragraph 132 and demands strict proof thereof.

133.    Lavin denies the allegations contained in Paragraph 133 and demands strict proof thereof.

134.    Lavin denies the allegations contained in Paragraph 134 and demands strict proof thereof.

135.    Lavin denies the allegations contained in Paragraph 135 and demands strict proof thereof.

136.    Lavin denies the allegations contained in Paragraph 136 and demands strict proof thereof.

137.    The allegations contained in Paragraph 137 state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the remaining allegations contained in Paragraph 137 and demands strict proof thereof.

### COUNT II
**(Misappropriation of Trade Secrets – Virginia Uniform Trade Secrets Act ("VUTSA")**
**Against Ankura)**

138.    Lavin incorporates each of the foregoing paragraphs as if fully restated herein.

139.    The allegations contained in Paragraph 139 do not relate or pertain to Lavin, and therefore, no response is required.  Further, Paragraph 139 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 139, and therefore, denies the same and demands strict proof thereof.

140.    The allegations contained in Paragraph 140 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Paragraph 140 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 140, and therefore, denies the same and demands strict proof thereof.

141.    The allegations contained in Paragraph 141 do not relate or pertain to Lavin, and therefore, no response is required.  Further, Paragraph 141 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 141, and therefore, denies the same and demands strict proof thereof.

142.    Lavin denies the allegations contained in Paragraph 142 and demands strict proof thereof.

143.    Lavin denies the allegations contained in Paragraph 143 and demands strict proof thereof.

144.    Lavin denies the allegations contained in Paragraph 144 and demands strict proof thereof.

145.    Lavin denies the allegations contained in Paragraph 145 and demands strict proof thereof.

146.    Lavin denies the allegations contained in Paragraph 146 and demands strict proof thereof.

147.    The allegations contained in Paragraph 147 state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the remaining allegations contained in Paragraph 147 and demands strict proof thereof.

**COUNT III**
**(Tortious Interference with Phan's Employment Agreement Against Ankura and Lavin)**

148.    Lavin incorporates each of the foregoing paragraphs as if fully restated herein.

149.    The allegations contained in Paragraph 149 do not relate or pertain to Lavin, and therefore, no response is required.  Further, Paragraph 149 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 149, and therefore, denies the same and demands strict proof thereof.

150.    Paragraph 150 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin admits that it knew Phan had an employment contract with BDO.  Lavin denies the remaining allegations, if any, contained in Paragraph 150.

151.    Paragraph 151 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 151.

152.    Paragraph 152 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 152.

153.    Paragraph 153 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 153.

154.    The allegations contained in Paragraph 154 state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the remaining allegations contained in Paragraph 154 and demands strict proof thereof.

**COUNT IV**
**(In the Alternative, Tortious Interference with Phan's Employment Agreement Against**
**Ankura and Lavin Pursuant to Tenn. Code Ann. § 47-50-109)**

155.    Lavin incorporates each of the foregoing paragraphs as if fully restated herein.

156.    The allegations contained in Paragraph 156 do not relate or pertain to Lavin, and therefore, no response is required. Further, Paragraph 156 states a legal conclusion to which no response is required. To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 156, and therefore, denies the same and demands strict proof thereof.

157.    Paragraph 157 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin admits that it knew Phan had an employment contract with BDO.  Lavin denies the remaining allegations, if any, contained in Paragraph 157.

158.    Lavin denies the allegations contained in Paragraph 158 and demands strict proof thereof.

159.    Lavin denies the allegations contained in Paragraph 159 and demands strict proof thereof.

160.    Paragraph 160 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 160.

161.    The allegations contained in Paragraph 161 state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the remaining allegations contained in Paragraph 161 and demands strict proof thereof.

**COUNT V**
**(Unjust Enrichment Against Ankura and Lavin)**

162.    Lavin incorporates each of the foregoing paragraphs as if fully restated herein.

163.    Lavin denies the allegations contained in Paragraph 163 and demands strict proof thereof.

164.    Lavin admits that Ankura hired Phan, Beauplan, Bradey, Gentry, Gupta, Mixon, O'Brien, and Thomas.  Lavin denies the remaining allegations contained in Paragraph 164 and demands strict proof thereof.

165.    Lavin denies the allegations contained in Paragraph 165 and demands strict proof thereof.

166.    Lavin denies the allegations contained in Paragraph 166 and demands strict proof thereof.

167.    Lavin admits that Phan, Beauplan, Bradey, Gentry, Gupta, Mixon, O'Brien, and Thomas are employed at Ankura.   Lavin denies the remaining allegations contained in Paragraph 167 and demands strict proof thereof.

168.    Paragraph 168 states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 168.

169.    The allegations contained in Paragraph 169 state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the remaining allegations contained in Paragraph 169 and demands strict proof thereof.

## COUNT VI
### (Breach of Contract – Employment Agreement Against Phan)

170.    Lavin incorporates each of the foregoing paragraphs as if fully restated herein.

171.    The allegations contained in Paragraph 171 do not relate or pertain to Lavin, and therefore, no response is required. Further, Paragraph 171 states a legal conclusion to which no response is required. To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 171, and therefore, denies the same and demands strict proof thereof.

172.    The allegations contained in Paragraph 172 do not relate or pertain to Lavin, and therefore, no response is required.  Further, Paragraph 172 states a legal conclusion to which no response is required. To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 172, and therefore, denies the same and demands strict proof thereof.

173.    The allegations contained in Paragraph 173 do not relate or pertain to Lavin, and therefore, no response is required.  Further, Paragraph 173 states a legal conclusion to which no response is required. To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 173, and therefore, denies the same and demands strict proof thereof.

174.    The allegations contained in Paragraph 174 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin states that the Phan's contact speaks for itself.  Lavin lacks knowledge and information sufficient to

admit or deny the remaining allegations contained in Paragraph 174, and therefore, denies the same and demands strict proof thereof.

175.    The allegations contained in Paragraph 174 do not relate or pertain to Lavin, and therefore, no response is required.  To the extent a response is deemed to be required, Lavin states that the Phan's contact speaks for itself.  Lavin lacks knowledge and information sufficient to admit or deny the remaining allegations contained in Paragraph 174, and therefore, denies the same and demands strict proof thereof.

176.    Paragraph 176 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations in Paragraph 176 and demands strict proof thereof.

177.    The allegations contained in Paragraph 177 do not relate or pertain to Lavin, and therefore, no response is required.  Further, Paragraph 177 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 177, and therefore, denies the same and demands strict proof thereof.

178.    The allegations contained in Paragraph 178 do not relate or pertain to Lavin, and therefore, no response is required.  Further, Paragraph 178 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 178, and therefore, denies the same and demands strict proof thereof.

179.    The allegations contained in Paragraph 179 do not relate or pertain to Lavin, and therefore, no response is required.  Further, Paragraph 179 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks

knowledge and information sufficient to admit or deny the allegations contained in Paragraph 179, and therefore, denies the same and demands strict proof thereof.

180.    The allegations contained in Paragraph 180 state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the remaining allegations contained in Paragraph 180 and demands strict proof thereof.

**COUNT VII**
**(Breach of Fiduciary Duty Against Phan)**

181.    Lavin incorporates each of the foregoing paragraphs as if fully restated herein.

182.    The allegations contained in Paragraph 182 do not relate or pertain to Lavin, and therefore, no response is required.  Further, Paragraph 182 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 182, and therefore, denies the same and demands strict proof thereof.

183.    The allegations contained in Paragraph 183 do not relate or pertain to Lavin, and therefore, no response is required.  Further, Paragraph 182 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 183, and therefore, denies the same and demands strict proof thereof.

184.    Paragraph 184 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations in Paragraph 184 and demands strict proof thereof.

185.    Paragraph 185 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations in Paragraph 185 and demands strict proof thereof.

186.    Paragraph 186 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations in Paragraph 188 and demands strict proof thereof.

187.    The allegations contained in Paragraph 187 do not relate or pertain to Lavin, and therefore, no response is required.  Further, Paragraph 187 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 187, and therefore, denies the same and demands strict proof thereof.

188.    The allegations contained in Paragraph 188 state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the remaining allegations contained in Paragraph 188 and demands strict proof thereof.

**COUNT VIII**
**(Unjust Enrichment Against Phan)**

189.    Lavin incorporates each of the foregoing paragraphs as if fully restated herein.

190.    Paragraph 190 states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the allegations in Paragraph 190 and demands strict proof thereof.

191.    The allegations contained in Paragraph 192 do not relate or pertain to Lavin, and therefore, no response is required.  Further, Paragraph 192 states a legal conclusion to which no response is required.  To the extent any further response is deemed to be required, Lavin lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 191, and therefore, denies the same and demands strict proof thereof.

192.    The allegations contained in Paragraph 192 state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the remaining allegations contained in Paragraph 188 and demands strict proof thereof.

## COUNT IX
**(Aiding and Abetting a Breach of Fiduciary Duty Against Lavin and Ankura)**

193.    Lavin incorporates each of the foregoing paragraphs as if fully restated herein.

194.    Paragraph 194 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Lavin denies the allegations contained in Paragraph 194 and demand strict proof thereof.

195.    Paragraph 195 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 195.

196.    Paragraph 196 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 196.

197.    Paragraph 197 states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Lavin denies the allegations contained in Paragraph 197.

198.    The allegations contained in Paragraph 188 state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Lavin denies the remaining allegations contained in Paragraph 198 and demands strict proof thereof.

## JURY DEMAND

199.    Lavin admits that Plaintiff seeks a trial by jury in this action.

## REQUESTED RELIEF

200.    Lavin denies that Plaintiff is entitled to any of the relief requested in this action, including the relief requested in paragraphs (a) through (f) thereof.

## AFFIRMATIVE AND OTHER DEFENSES

201.    Lavin denies any allegation stated in the Complaint not specifically admitted herein.

202.    Plaintiff's Complaint fails, in whole or in part, for failure to state a viable cause of action against Lavin upon which the relief requested may be granted.

203.    Lavin denies that it aided and/or abetted any breach any duty owed by Phan to Plaintiff or failed to satisfy any obligation owed to Plaintiff by Phan.

204.    Plaintiff's claims are barred because Lavin's alleged conduct was not the proximate cause of any injuries or damages claimed to be suffered by Plaintiff.

205.    Plaintiff's damages, if any, were caused by the acts, negligence, or fault of other persons or entities for whom Lavin is not liable or responsible.

206.    Any recovery by Plaintiff is barred to the extent that Plaintiff failed to make reasonable efforts to avoid, mitigate or reduce its alleged damages.

207.    Plaintiff's claims are barred because Plaintiff suffered no actual damage as a result of Lavin's conduct.

208.    Plaintiff's alleged damages are barred in whole or in part because Lavin did not act willfully and instead acted in good faith.

209.    Plaintiff's claims are barred and/or limited because Plaintiff's claimed damages, if any, are not recoverable as a matter of law.

210.    Plaintiff's claims are barred or limited because Plaintiff's claimed damages, if any, are uncertain and speculative.

211.    Plaintiff's claims for contractual damages are barred because those provisions are unreasonable and impermissibly function as a penalty.

212.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

213.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, abandonment, ratification, release, laches, unclean hands and/or estoppel.

214.    Plaintiff's claims are barred by the doctrines of waiver and/or estoppel because Plaintiff fails to consistently enforce the restrictive covenants at issue in this lawsuit.

215.    Plaintiff's claims are barred because Plaintiff is the first breaching party.

216.    Plaintiff's claims are barred or limited due to Plaintiff's exercise of bad faith.

217.    Plaintiff's claims are barred and/or limited by the doctrines of offset, set-off and/or accord and satisfaction.

218.    Plaintiff's claims are barred and/or limited because Phan's Employment Agreement is unenforceable as a matter of law.

219.    Plaintiff's claims are barred because Plaintiff procured Phan's Employment Agreement by fraud, deceit, misrepresentations and/or material omissions.

220.    Plaintiff's claims are barred due to Plaintiff's own fraud, deceit, misrepresentations and/or material omissions.

221.    Plaintiff's claims are barred or limited because Plaintiff enticed, lured, and/or induced Phan to enter into the Employment Agreement by means of false representations, false promises and/or material omissions.

222.    Plaintiff's claims are barred because Phan's Employment Agreement was procured under duress.

34

223.    Plaintiff's claims are barred because Phan's Employment Agreement is unenforceable due to lack of consideration.

224.    Plaintiff's claims are barred because Phan's Employment Agreement has been terminated and/or otherwise released by Plaintiff.

225.    Plaintiff's claims are barred or limited because the restrictive covenants contained in Phan's Employment Agreement, including but not limited to the employee and client non-solicitation provisions, are unenforceable as a matter of law.

226.    Plaintiff's claims are barred or limited because the alleged confidential and/or a trade secret information in question does not rise to the level of trade secret protection, or if it did at one point, it has since been abandoned.

227.    Plaintiff's claims are barred or limited because Plaintiff did not take reasonable efforts to maintain the secrecy of the alleged confidential and/or a trade secret information in question and/or the alleged confidential and/or a trade secret information is in the public domain and/or readily ascertainable.

228.    Plaintiff's claims are barred or limited because Plaintiff has no actual or near permanent relationship with its customers in the highly competitive TAS industry and the identity of TAS customers is well known in the industry.

229.    Plaintiff's claims are barred or limited because Phan independently developed TAS clients and independently created information needed to service those clients.

230.    Plaintiff's claims are inequitable and will result in the unjust enrichment of Plaintiff.

231.    Plaintiff's claims are barred by the statute of limitations.

35

232.    Lavin will rely upon all other defenses that are revealed by further investigation, discovery or the presentation of evidence and reserves the right to file an amended answer or other appropriate pleading as permitted by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Lavin requests that the Court enter judgment in his favor and against Plaintiff; dismiss the claims alleged against Lavin in the First Amended Complaint in their entirety with prejudice; award Lavin his reasonable attorneys' fees and costs; and grant such other relief as the Court deems just and proper.

## JURY DEMAND

Lavin hereby demands trial by jury of all issues so triable.

Dated:  May 23, 2025                    Respectfully submitted,

                                        KEVIN LAVIN

                                        By Counsel

                                         /s/  *Elizabeth Scott Turner*
                                        James C. Cosby, Esq. (VSB No. 25992)
                                        J. Brandon Sieg, Esq. (VSB No. 84446)
                                        Elizabeth Scott Turner, Esq. (VSB No. 88056)
                                        O'HAGAN MEYER
                                        411 East Franklin Street, Suite 500
                                        Richmond, Virginia 23219
                                        Telephone: (804) 403-7100
                                        Facsimile:  (804) 403-7110
                                        Email:  jcosby@ohaganmeyer.com
                                        Email:  bsieg@ohaganmeyer.com
                                        Email:  eturner@ohaganmeyer.com

                                        Steven J. Pearlman (admitted *pro hac vice*)
                                        PROSKAUER ROSE LLP
                                        70 West Madison, Suite 3800
                                        Chicago, Illinois 60602
                                        Telephone: (312) 962-3545
                                        Facsimile:  (312) 962-3551
                                        Email:  spearlman@proskauer.com

                                        Mark W. Batten (admitted *pro hac vice*)
                                        PROSKAUER ROSE LLP
                                        One International Place
                                        Boston, Massachusetts 02110
                                        Telephone: (617) 526-9850
                                        Facsimile:  (617) 526-9899
                                        Email:  mbatten@proskauer.com

                                        P. Kramer Rice (admitted *pro hac vice*)
                                        PROSKAUER ROSE LLP
                                        Eleven Times Square
                                        New York, New York 10036
                                        Telephone: (212) 969-3406
                                        Facsimile:  (212) 969-2900
                                        Email:  krice@proskauer.com

                                        *Counsel for Kevin Lavin*